# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**February 8, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**EMMANUEL R.,**
**Respondent Below, Petitioner**

**vs.) No. 23-ICA-335**          (Fam. Ct. Cabell Cnty. No. 08-D-790)

**DANIELLE R.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Emmanuel R.[1] ("Father") appeals the Family Court of Cabell County's July 10, 2023, order denying his petition for a parenting plan modification. Respondent Danielle R. ("Mother") did not participate in this appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's decision is remanded for further proceedings consistent with this decision.

The parties are the parents of D.R., currently age sixteen. Early in the child's life, Father had semi-regular visits with the child when Father resided in Virginia and Mother resided in Ohio with the child.

The issues leading up to this appeal arose in October of 2014 when a temporary custody hearing was held. It is unclear from the record what type of petition was filed or which party filed it. However, the family court entered a temporary order on January 12, 2015, holding that it was in the child's best interest to have phased-in visitation with Father because a significant period of time had passed since he last exercised parenting time.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Emmanuel R. is self-represented. Danielle R. did not participate in the appeal.

Therefore, it was ordered that Father would begin the phased-in visitation with Skype conversations with the child every Sunday evening for fifteen minutes. The final hearing was held on September 29, 2015, but Father failed to appear. At that hearing, the family court held that Father had not meaningfully participated in the court-ordered phone calls, and that if he desired to have future phone calls with the child, he would be required to pay Children's First a fee to monitor the calls prior to a call-schedule being reestablished.

In late 2016, Father filed a petition for modification. On October 6, 2016, the family court held the modification hearing and entered its order on October 7, 2016. The family court held that because Father failed to comply with or appeal the last order, his petition for modification was denied.

At some point in early 2023, Father filed another petition for modification, seeking shared decision-making and equal custody of the child, which he hoped to exercise during the summer and holidays. The modification hearing was held on June 27, 2023. Father appeared by phone and alleged that Mother had alienated him from the child. Mother denied the allegations and informed the family court that D.R. was present and available to speak regarding her desires. Father objected to having D.R. speak with the family court. However, the family court decided to conduct an in-camera interview with D.R., who was age fifteen at that time. D.R. was deemed sufficiently mature, and she expressed a firm and reasonable preference to have no communication with Father, as it had been six years since Father had any contact with her. Additionally, she assured the family court that Mother had never interfered with or discouraged a relationship with Father. The family court held that it was not in D.R.'s best interest to visit Father, but also that she was mature enough to decide if and when she wanted to contact him. Father's petition to modify was denied by order entered on July 10, 2023. It is from that order that Father now appeals.

In his appeal, Father raises four related assignments of error. He asserts that the family court erred by not expressing how a 50-50 custody arrangement would be harmful to D.R. and by failing to make specific findings of fact and conclusions of law regarding the custody presumption under West Virginia Code § 48-9-206(d) (2022). Father further asserts that the family court relied on the wrong evidence in making its decision, as there was evidence of fraud, misconduct, and misrepresentation by Mother. Upon review, we find that Father's argument regarding the family court's lack of a 50-50 analysis has merit.

West Virginia Code § 48-9-206(d) (2022)[3] makes it clear that final parenting plan orders must include specific findings of fact if the family court first finds that a substantial

---

[3] West Virginia Code § 48-9-206(d) states, in part, "[t]he court's order determining allocation of custodial responsibility shall be in writing, and include specific findings of fact and conclusions of law supporting the determination."

change in circumstances has occurred pursuant to § 48-9-401(a).[4] Additionally, West Virginia Code § 48-9-209 (2022) provides a non-exclusive list of factors to be considered when making findings regarding custody. Here, the family court's July 10, 2023, order not only lacks analysis regarding whether there had been a substantial change in circumstances, but it also lacks a factual analysis for adopting a parenting plan that provides for an unequal share of parenting time as required pursuant to the above-cited Code sections.

For the foregoing reasons, we remand this case to the family court with directions to enter an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review. *See, e.g.*, *Melvin L. v. Brianna W.*, No. 22-ICA-295, 2023 WL 3581499, at *2 (W. Va. Ct. App. May 22, 2023) (memorandum decision) and *Daniel Y. v. Anne Y.*, No. 23-ICA-34, 2023 WL 7202961, at *3 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision) (requiring family court orders to set out specific findings of fact and conclusions of law to facilitate a meaningful appellate review). Upon remand, the family court may reach the same conclusion. However, the family court must provide findings of fact and conclusions of law detailing whether there had been a substantial change in circumstances, and if a substantial change in circumstances is found, whether the presumption of 50-50 custody was rebutted.[5] Such findings and analysis are required by statute and are necessary for this Court to conduct meaningful appellate review should

---

[4] West Virginia Code § 48-9-401(a) states,

> Except as provided in § 48-9-402 or § 48-9-403 of this code, a court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

[5] While it does not change the outcome here, we urge family courts to adhere to the procedure outlined in Rule 8 of the Rules of Procedure for Child Abuse and Neglect Proceedings concerning notice, attorney participation, and recording.

Rule 8(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings specifies that attorneys may be present during in camera interviews of children. If the court determines that children may be intimidated by the presence of attorneys, the court shall have the interview recorded and make the recording available to the attorneys before the hearing resumes. Under exceptional circumstances, the court may elect not to make the recording available, but must include its reasoning on the record. Additionally, attorneys must be given a reasonable opportunity to submit questions or topics to the court before interviews are conducted.

either party decide to appeal the amended order. The final order is hereby converted to a temporary custodial allocation order until the entry of a new final order consistent with this decision is issued by the family court.

Remanded.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear